IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), a Michigan corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JAZMINE BERRY, an individual, DAVID CURTIS, SR., an individual,<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO. 1:25-cv-01952-MHC<br><br>Hon. Mark H. Cohen |

**DEFENDANT DAVID CURTIS, SR.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

COMES NOW, DEFENDANT DAVID CURTIS, SR. ("Mr. Curtis"), by and through the undersigned counsel, and files this his Response in Opposition to Plaintiff's Motion for Attorneys' Fees, and shows the Court as follows:

**INTRODUCTION**

The underlying declaratory judgment action was brought by Plaintiff John Hancock Life Insurance Company ("John Hancock") as part of the normal course of its business. Therefore, John Hancock is not entitled to an award of attorney fees. Disputes among alleged beneficiaries of life insurance policies are a common and foreseeable cost of doing business for insurance companies, which is factored into the premiums charged to customers. That is why insurance companies in interpleader

1

actions, such as the instant action, are not innocent stakeholders unwittingly in the possession of a disputed asset. Furthermore, even if John Hancock were entitled to recover its attorney fees in the instant action, the amount of fees claimed is unreasonable. There is no reasonable explanation for John Hancock incurring over $21,000.00 in attorney's fees in the instant interpleader action.

## ARGUMENT AND CITATION TO AUTHORITY

### I. THE "NORMAL COURSE OF BUSINESS" RULE PRECLUDES JOHN HANCOCK'S RECOVERY OF ATTORNEY'S FEES.

Awarding attorneys' fees and costs of bringing an interpleader action is generally within the discretion of the trial judge. *Prudential-Bache Securities, Inc. v. Tranakos*, 593 F.Supp. 783 (N.D. Ga. 1984). "In certain circumstances, however, courts have determined that attorneys' fees are not warranted. One of those circumstances, and the only one relevant here, is when a stakeholder's interpleader claim arises out of the normal course of business." 21 F.3d 380, 383 (11th Cir. 1994). "[T]his standard typically is applied to insurance companies." *Id.* (citations omitted).

> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds—disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

*Id.*

> Lower courts in this Circuit have adhered to the *Mandalay Shores* guidance and have generally been loath to award fees and costs to life insurance companies for whom interpleader actions are an entirely predictable and routine cost of doing business for which appropriate mitigating measures can be taken in advance. *See, e.g., American General Life Ins. Co. v. Soule,* 2008 WL 4790654, *3 (M.D.Fla. Oct.27, 2008) (in interpleader action involving conflicting claims for life insurance proceeds, insurer "is not a disinterested or innocent stakeholder" and "the cost of handling the conflicting claims should be treated as a regular cost of doing business" for the insurer, such that it was not entitled to award of attorney's fees); *Hauger v. John Hancock Life Ins. Co. (USA),* 2008 WL 341432, *4 (M.D.Fla. Feb.5, 2008) ("where multiple claimants are disputing the ownership of insurance proceeds, the chief beneficiary of an interpleader action is the insurance company"); *Life Investors Ins. Co. of America v. Childs,* 209 F.Supp.2d 1255, 1257 (M.D.Ala.2002) ("While there may be cases in which an interpleader plaintiff insurance company could obtain attorney's fees, there is nothing in the record here that changes the normal rule that insurance companies are not entitled to attorney's fees in interpleader case."); *Prudential Property & Cas. Co. v. Baton Rouge Bank & Trust Co.,* 537 F.Supp. 1147, 1150–51 (M.D.Ga.1982) (denying award of attorney's fees to insurance company where "claims to the fund are of the type that arise in the ordinary course of business," such that it "seems unreasonable to award an insurance company fees for bringing an action which is primarily in its own self-interest").

*American General Life Ins. Co. v. Jones*, No. 08–0211–WS–B, 2008 WL 494847, at *3 (S.D.Ala. Nov. 13, 2008).

The Northern District of Georgia recently applied the guidance in *Mandalay Shores*, and cited approvingly to the reasoning in *American General*, in denying a life insurance company's request for attorney's fees incurred in filing an interpleader

action for disputed life insurance proceeds. *See State Farm Life Ins. Co. v. Smith*, No. 1:11-cv-2012-WSD, 2014 WL 49861, at *3 (N.D. Ga. Jan. 7, 2014). The trial court explained:

> The Court is persuaded by the district court's reasoning in *American General*. Here, Plaintiff seeks to recover nothing more than the full cost of litigating this dispute along with the administrative costs associated with the resolution of conflicting claims to an insurance policy that Plaintiff issued in the ordinary course of business. Plaintiff brought this action for its own benefit. Plaintiff's business model assumes the risks that it now seeks to shift to its customers. There are no special circumstances that would warrant an award of attorneys' fees in this matter. Accordingly, the Plaintiff's request for attorneys' fees and costs in this matter is required to be denied.

*Id.*

"The court's 'authority to make an award is discretionary; there is no right for the stakeholder to recover costs and attorney's fees.' . . . Courts 'will deny an award of costs and attorney's fees to a disinterested stakeholder ... if the costs of initiating the interpleader action were part of the stakeholder's 'normal course of business.'" *Life Invs. Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256 (M.D. Ala. 2002), c*iting 4 James Wm. Moore, Moore's Federal Practice, § 22.06 at 22–103 (3rd ed.2002)*. Pursuant to the "normal course of business" rule explained in *Mandalay Shores* and regularly adhered to by the courts within the eleventh circuit, John Hancock, an insurance company, cannot recover its attorney's fees incurred in bringing the instant interpleader action from the proceeds of the life insurance policy

4

it sold to Mrs. Curtis. Therefore, the court should deny John Hancock's Motion for Attorneys' Fees.

## II.  EVEN IF JOHN HANCOCK COULD RECOVER ITS ATTORNEYS' FEES, THE AMOUNT OF FEES REQUESTED IS UNREASONABLE.

In *Childs*, *supra*, the life insurance company initiated an interpleader action to resolve a dispute among purported beneficiaries to approximately $100,000 of life insurance proceeds. 209 F. Supp. 2d 1255 (M.D. Ala. 2002). The insurer deposited the proceeds with the trial court, submitted a motion to be discharged, and further asked to recover $2,138.28 for its costs and attorneys' fees from the amount deposited. *Id.* at 1256. The trial court noted that the requested fees were over two percent of the total stake, and therefore did not strike the court as minor. *Id.* John Hancock seeks to recover more than twenty-one percent (21%) of the available proceeds of the life insurance policy it sold to Mrs. Curtis to pay for its costs in initiating this interpleader action. Such an amount is well above the two percent amount that the trial court in *Childs* concluded was not minor.

"[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The applicant bears the burden of producing satisfactory evidence that the

5

requested rate is in line with prevailing market rates." *Id.* "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Id.*

John Hancock merely submitted an affidavit of its counsel attesting to the total amount of costs. The affidavit does not state the hourly rate charged, nor the amount of time spent in total, or on any particular tasks. John Hancock has not come close to satisfying its burden of producing satisfactory evidence to establish the reasonableness of the requested attorneys' fees. Moreover, given the nature of the instant action, it is extremely doubtful that John Hancock reasonably incurred over $21,000 in costs and attorneys' fees. Therefore, even assuming, *arguendo*, John Hancock is entitled to recover any of its attorneys' fees, it has not met its burden of producing evidence to demonstrate that the fees requested are reasonable.

## **CONCLUSION**

For the reasons stated, Mr. Curtis respectfully requests that Plaintiff's motion for attorney's fees be denied.

This 25th day of August, 2025.

                                            /s/ *Christopher T. Webb*
                                            Christopher T. Webb
                                            Georgia Bar No. 625943
                                            SMITH WELCH WEBB & WHITE, LLC
                                            101 World Drive, Ste 100
                                            Peachtree City, GA 30269
                                            P: (470) 400-7999
                                            F: (470) 400-7990
                                            cwebb@smithwelchlaw.com
                                            *Attorney for David Curtis, Sr.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), a Michigan corporation, <br><br> Plaintiff, <br><br> v. <br><br> JAZMINE BERRY, an individual, DAVID CURTIS, SR., an individual, <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO. 1:25-cv-01952-MHC <br><br> Hon. Mark H. Cohen |

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Pursuant to Local Rule 5.1, I hereby certify that **DEFENDANT DAVID CURTIS, SR.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1.

Respectfully submitted, this 25th day of August, 2025.

>  */s/ Christopher T. Webb*
> Christopher T. Webb
> Georgia Bar No. 625943
> SMITH WELCH WEBB & WHITE, LLC
> 2200 Keys Ferry Court
> McDonough, Georgia 30253
> (770) 957-3937 (phone)
> (770) 957-9165 (fax)
> cwebb@smithwelchlaw.com
> *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on August 25, 2025, I electronically filed **DEFENDANT DAVID CURTIS, SR.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

    /s/ *Christopher T. Webb*
Christopher T. Webb
Georgia Bar No. 625943
SMITH WELCH WEBB & WHITE, LLC
101 World Drive, Ste 100
Peachtree City, GA 30269
P: (470) 400-7999
F: (470) 400-7990
cwebb@smithwelchlaw.com
*Attorney for David Curtis, Sr.*

4913-1735-7920, v. 1