IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**JOHN HANCOCK LIFE INSURANCE COMPANY U.S.A.,**
    Plaintiff,

v.

**DAVID CURTIS, SR and JAZMINE BERRY,**
    Defendants.

CIVIL ACTION
FILE NO. 1:25-CV-01952-MHC

### DEFENDANT JAZMINE BERRY'S OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Defendant Jazmine Berry hereby objects to Plaintiff's motion for attorney's fees on the grounds that dealing with contests over the beneficiary to life insurance policies is a routine business practice of an insurance company such as Plaintiff, and that therefore the costs of doing so should not be shunted off on the claimants, and the amount of attorney's fees that Plaintiff is seeking is an unduly large portion of the life insurance proceeds ($100,000) at issue in this litigation.

For the sake of brevity, Berry hereby submits relevant quotations from the applicable cases.

> The only claim resolved in this case was for statutory interpleader pursuant to 28 U.S.C. § 1335. Neither the district court's jurisdiction nor the merits of that claim depend in any way on admiralty law. Thus, Kawasaki's motion for attorney's fees should have been considered under the rule that attorney's fees

1

generally are justified in interpleader actions. *See In re Mandalay Shores Co-Op Housing Ass'n*, 21 F.3d 380, 383 (11th Cir. 1994).

<u>Kawasaki Kisen Kaisha, Ltd. v. All City Used Auto Parts, Inc.</u>, 306 Fed. Appx. 480, 482 (11th Cir. 2009)

> Attorneys' fees are justified in many interpleader actions for several reasons. First, an interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than multiplicitous, piecemeal litigation. Second, the stakeholder in the asset often comes by the asset innocently and in no way provokes the dispute among the claimants. Third, fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset.
>
> In certain circumstances, however, courts have determined that attorneys' fees are not warranted. One of those circumstances, and the only one relevant here, is when a stakeholder's interpleader claim arises out of the normal course of business. Although this standard typically is applied to insurance companies, see, e.g., Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co., 537 F. Supp. 1147, 1150-51 (M.D.Ga.1982); *Minnesota Mut. Life Ins. Co. v. Gustafson,* 415 F. Supp. 615, 619 (N.D.Ill.1976), it also has been applied to banks, *see, e.g., In re Jones,* 61 Bankr. 48, 54 (Bankr.N.D.Tex.1986).
>
> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds--disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed   asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

<u>Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n)</u>, 21 F.3d 380, 383 (11th Cir. 1994)

The Court next turns to consider Plaintiff's request for attorney's fees. In its discretion, a federal court presiding over an interpleader action may award costs and attorneys' fees to a disinterested stakeholder. Prudential Ins. Co. of America v. Boyd, 781 F.2d 1494, 1497 (11th Cir. 1986). In many interpleader actions, such fees are justified because, among other things, "fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset." In re Mandalay Shores, 21 F.3d at 383. In the Eleventh Circuit, however, courts have recognized an exception for interpleader claims that arise out of the normal course of business. Id. Significantly, this exception is typically applied to insurance companies. Id. "Lower courts in this Circuit have adhered to the Mandalay Shores guidance and have generally been loath to award fees and costs to life insurance companies for whom interpleader actions are an entirely predictable and routine cost of doing business for which appropriate mitigating measures can be taken in advance." State Farm Life Ins. Co. v. Smith, No. 1:11-cv-2012-WSD, 2014 U.S. Dist. LEXIS 1286, 2014 WL 49861, at *3 (N.D. Ga. Jan. 7, 2014) (citing American Gen. Life Ins. Co. v. Jones, No. 08-0211-WS-B, 2008 U.S. Dist. LEXIS 92850, 2008 WL 494847, at *3 (S.D. Ala. Nov. 13, 2008)).
Life Ins. Co. of N. Am. v. Williams, 2015 U.S. Dist. LEXIS 178492, (N.D. Ga. 2015)

District courts in this Circuit have followed *Mandalay Shores'* guidance and denied attorney's fees awards to "life insurance companies for whom interpleader actions are an entirely predictable and routine cost of doing business for which appropriate mitigating measures can be taken in advance." *Am. Gen. Life Ins. Co. v. Jones*, 2008 U.S. Dist. LEXIS 92850, 2008 WL 4949847, at *3 (S.D. Ala.); *accord Am. Gen. Life Ins. Co. v. Soule*, 2008 U.S. Dist. LEXIS 86940, 2008 WL 4790654, at *3 (M.D. Fla.); *Hauger v. John Hancock Life Ins. Co.*, 2008 U.S. Dist. LEXIS 8413, 2008 WL 341432, at *4 (M.D. Fla.); *Life Investors Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1257 (M.D. Ala. 2002).
Chesapeake Life Ins. Co. v. Tweedy, 2014 U.S. Dist. LEXIS 9376, *2 (MD GA 2014)

3

Other cases dealing with this subject are:

Primerica Life Ins. Co. v. Coure, 2020 U.S. Dist. LEXIS 272676 (Nd GA 2020) (denied)
Transamerica Life Ins. Co. v. Bell, 2020 U.S. Dist. LEXIS 149357 (ND GA 2020) (circumstances unique where one claimant convicted of murdering the insured)
MetLife Life & Annuity Co. v. Akpele, 131 F. Supp. 3d 1322 (ND GA 2015) (allowed for defending claimants' counterclaims)
OM Fin. Life Ins. Co. v. At Need Funding, LLC, 2008 U.S. Dist. LEXIS 129872 (ND GA 2008) (denied)
Occidental Life Ins. Co. v. Ligon, 2018 U.S. Dist. LEXIS 230188 (ND GA 2018) (denied where insurer sought $6,000 where amount deposited was $15,350)
State Farm Life Ins. Co. v. Brown, 2014 U.S. Dist. LEXIS 190646 (ND GA 2014) (denied)

The amount of attorney's fees that Plaintiff seeks is outrageous. Plaintiff seeks over 20% of the faced amount of the policy. In State Farm Life Ins. Co. v. Smith, 2014 U.S. Dist. LEXIS 1286 (N.D.GA 2014) the interpleading insurer deposited $263,763.40 into court and sought $26,426.60 in attorney's fees and $940.20 in costs. The Court denied the request altogether, noting that:

> "Plaintiff seeks to recover nothing more than the full cost of litigating this dispute along with the administrative costs associated with the resolution of conflicting claims to an insurance policy that Plaintiff issued in the ordinary course of business. Plaintiff brought this action for its own benefit. Plaintiff's business model assumes the risks that it now seeks to shift to its customers. There are no special circumstances that would warrant an award of attorneys' fees in this matter. Accordingly, the Plaintiff's request for attorneys' fees and costs in this matter is required to be denied.

State Farm Life Ins. Co. v. Smith, 2014 U.S. Dist. LEXIS 1286, *10

4

Accordingly, Plaintiff's motion for costs and expenses should be denied.

Pursuant to Local Rule 5.1, I hereby certify that DEFENDANT JAZMINE BERRY'S OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1.

/s/ Jeffrey R. Nickerson
_____
Jeffrey R. Nickerson
Attorney for Jazmine Berry
Georgia Bar #544000

HOWE LAW FIRM, P.C.
4385 Kimball Bridge Road, Suite 100
Alpharetta, GA 30022
Office: 678-566-6800
Richard@iou.law
filecollect@iou.law
Our File No. HC-01032

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that he has electronically filed DEFENDANT JAZMINE BERRY'S OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES with the Clerk of Court using the CM/EMF system that will automatically send email notification of such filing, with an available copy of such filing, to counsel of record for the Plaintiff and Defendant David Curtis Sr.

This 25th day of August, 2025

*/s/ Jeffrey R/ Nickerson*
JEFFREY R. NICKERSON
Attorney for Plaintiff
Georgia Bar #544000

HOWE LAW FIRM, P.C.
4385 Kimball Bridge Road, Suite 100
Alpharetta, GA 30022
Office: 678-566-6800
Richard@iou.law
filecollect@iou.law
Our File No. HC-01032